UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

CAITLIN DOLE,

                Plaintiff,

-against-

TOWN OF BETHLEHEM,

                Defendant.

**COMPLAINT**
Civil Action No.: 1:16-CV-173
(TJM/DJS)

---

**JURY TRIAL DEMANDED PURSUANT TO RULE 38(b)
OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**COMPLAINT**

The Plaintiff, by and through her attorneys, The DeLorenzo Law Firm, LLP, respectfully allege as follows:

**INTRODUCTION**

1.     This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination on the basis of sex and hostile work environment brought within the Civil Rights Act of 1964, 42 U.S.C. Section 2000 et seq. (and as amended), also known as Title VII; as well as NY Executive Law §§296 and 297, known as the Human Rights Law.

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court invoked pursuant to 28 U.S.C. Section 1331 and 1343 (a) (3) and (4). Venue is properly laid in this judicial district pursuant to the provisions of 28 U.S.C. Section 1391(b)(1), (c).

## PARTIES

3. The plaintiff was and still is a resident of the County of Albany, State of New York and submits herself to the jurisdiction of this Court.

4. Upon information and belief, and at all times hereinafter mentioned, the defendant, Town of Bethlehem, is a municipal corporation with its Police Department located at 445 Delaware Ave, Delmar, New York 12054.

## NATURE OF CLAIM

5. This claim seeks restitution to plaintiff of all rights, privileges, benefits and income the plaintiff would have had but for defendant's unlawful discriminatory practices and hostile work environment.

6. This action further seeks compensation and punitive damages together with attorneys' fees for the harm done to the plaintiff.

## ADMINISTRATIVE PROCEEDINGS

7. Within one hundred and eighty (180) days of some of the occurrences of which she complains, plaintiff filed written charges of employment discrimination with the Equal Employment Opportunity Commission (EEOC).

8. That on or about the 30th day of November, 2015, plaintiff received a "Right to Sue" letter. Annexed hereto as "Exhibit A" is a copy of the Right to Sue letter.

## BACKGROUND

9. The plaintiff is a twenty-five year old female.

10. The plaintiff was hired by defendant on January 12, 2014, as a Police Officer.

11. Plaintiff, at all times, more than adequately performed her duties as an Police Officer and, in fact, made substantial contributions to the defendant agency, and received regular salary increases.

12. That all times hereinafter mentioned the defendant employs over 15 employees.

13. Then, after the plaintiff became an employee, she was subjected to sexual harassment and a hostile work environment from the end of March 2015 through May of 2015.

14. That during this period, Officer Craig Sleurs of the Town of Bethlehem Police Department sent numerous harassing and threatening text messages and multiple harassing and threatening voicemails to the plaintiff, Caitlin Dole.

15. That the plaintiff reported these incidents to her supervisors, nothing was done to reprimand Officer Sleurs.

16. That on May 14, 2015, Caitlin Dole submitted her resignation to the Town of Bethlehem.

### AS AND FOR A FIRST CAUSE OF ACTION
### BASED UPON SEXUAL HARASSMENT

17. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs marked "1" through "16" as if they were more fully set forth below.

18. Plaintiff is a 25 year old woman, employee protected under Title VII and under the New York State Executive Law.

19. That defendant is an employer within the meaning of Title VII and the New York State Executive Law.

20. That plaintiff was hired by the defendant in January of 2014 as a Police Officer.

21. That the actions toward the plaintiff could be considered to be objectively offensive to a reasonable person.

22. That the actions toward the plaintiff were subjectively offensive to her.

23. That the defendant, Town of Bethlehem, was aware of the propensity of their employee, Officer Craig Sleurs, to act with hostility and in a harassing manner towards females.

24. That the actions toward the plaintiff were unwelcomed by her and not provoked by her.

## AS AND FOR A SECOND CAUSE OF ACTION
## BASED UPON HOSTILE WORK ENVIRONMENT

25. Plaintiff repeats, reiterates, and realleges the allegations set forth in paragraphs marked "1" through "24" as if they were more fully set forth below.

26. That the actions toward the plaintiff were so widespread and persistent that it interfered with the plaintiff's work performance and resulted in an intimidating, abusive, and hostile work environment for the plaintiff.

27. That the defendant, Town of Bethlehem, was aware of the propensity of their employee, Officer Craig Sleurs, to act with hostility and in a harassing manner towards females.

28. That the plaintiff complained about the harassing behavior to her superiors and nothing was done to rectify the problem and the employee perpetrating the harassment was not punished whatsoever.

29. That actions upon plaintiff by defendant through its agents, servants and/or employees, such as, but not limited to, physical contact and verbal sexual harassment as directed upon plaintiff creates a cause of action for plaintiff as against the defendant.

30. That the actions toward the plaintiff were severe and/or pervasive in that they created an intimidating, abusive, and hostile working environment for the plaintiff as mentioned above.

31. Defendant did not exercise reasonable care to prevent and/or cure allegations of sexual harassment and thereby the defendant ratified the wrongful conduct.

32. The defendant intentionally discriminated against the plaintiff in violation of Title VII and the New York State Executive Law by creating, contributing to, and/or by failing to prevent, a sexually hostile work environment.

33. That the defendant's agents, servants, and/or employees conduct unreasonably interfered with the plaintiff's work performance as more specifically set forth above and below.

34. That the said actions against the plaintiff, all in violation of both Federal and State Law, caused substantial damage to the plaintiff, including the physical, mental and emotional injury, loss of self-esteem, pain and suffering, loss of standing in her profession and other damages both personal and monetary all to her detriment in the sum of Two Hundred and Fifty Thousand ($250,000.00) Dollars.

35. That the plaintiff is entitled to an award of attorney's fees and costs pursuant to Title VII 42 U.S.C. §2000e-5(k).

36. That plaintiff is entitled to a punitive award pursuant to the applicable sections of Title VII.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays for the following:

    a. judgment for compensatory damages in the sum of Two Hundred Thousand ($250,000.00) Dollars;

    b. judgment against the defendant for punitive and exemplary damages against the defendant in an amount sufficient to punish the defendant;

    c. judgment for attorneys' fees as set forth in the appropriate statutes;

    d. judgment for interest, costs and disbursements, and all other relief which to this Court seems just and reasonable.

DATED: February 16, 2016

                <u>s/Thomas E. DeLorenzo</u>
                THOMAS E. DeLORENZO, ESQ.
                Bar Roll Number: 101479
                The DeLORENZO LAW FIRM, LLP
                Attorneys for Plaintiff
                670 Franklin Street
                Schenectady, New York 12305
                (518) 374-8494

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| **To:** Caitlin Dole<br>703 Wemple Road<br>Glenmont, NY 12077 | **From:** Buffalo Local Office<br>6 Fountain Plaza<br>Suite 350<br>Buffalo, NY 14202 |

☐   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 525-2015-00894 | Jean E. Mulligan, Investigator | (716) 551-4443 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*/s/ John E. Thompson/*

**John E. Thompson,**
**Local Office Director**

NOV 30 2015    *(Date Mailed)*

Enclosures(s)